# EXHIBIT 6

<u>**EXECUTION COPY**</u>

# TOLLING AGREEMENT

This Tolling Agreement ("Agreement") is made by and between each of the 10,173 individuals identified on Exhibit A to Jonathan Gardner's correspondence to Hulu, LLC dated November 18, 2022 (the "November Claimants"), the 10,820 individuals identified on Exhibit A to Jonathan Waisnor's correspondence to Hulu, LLC dated January 18, 2023 (the "January 18th Claimants", and collectively with the November Claimants the "Tolling Hulu Claimants"), and the 4,503 individuals identified on Exhibit A to Jonathan Gardner's correspondence to Disney Platform Distribution, Inc. and BAMTech, LLC ("January 23rd Claimants") (collectively the "Tolling Disney/BAM Claimants," and with the Tolling Hulu Claimants the "Tolling Claimants"), and Hulu, LLC (the "Tolling Hulu Defendant"), Disney Platform Distribution, Inc., and BAMTech, LLC (the "Tolling Disney/BAMTech Defendant," and together with the Tolling Hulu Defendant the "Tolling Defendants"). The Tolling Claimants and Tolling Defendants are together referred to as the "Parties").

WHEREAS, the Parties deem it to be in their mutual benefit that Tolling Claimants' putative claims against the Tolling Defendants related to Tolling Defendants' alleged violation of the Video Privacy Protection Act, or similar state statutes[1] (collectively, the "Tolled Claims") not be asserted in individual litigation or arbitration at the present time;

NOW THEREFORE, in consideration of the mutual covenants set forth herein which the Parties deem to be good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the Parties and fully intending to be legally bound, the Parties covenant and agree as follows:

---

[1] CT Gen. Stat. § 53-450, Del. Code tit. 11 § 925, Mass. Gen. Laws Ann. ch. 93, § 106, Minn. Stat. Ann. § 325I *et seq.*, NY Gen. Bus. L § 670 *et seq.*, RI Gen. Laws § 11-18-32.

**EXECUTION COPY**

1. **Tolling Period**. The term of this Agreement shall be from November 18, 2022 for the November Claimants, January 18, 2023 for the January 18th Claimants, and January 23rd for the January 23rd Claimants (the "Effective Dates"), through and including 14 days after the date of mediation (the "Tolling Period"), unless extended in writing by mutual agreement of the Parties, provided that if any signatory to this Agreement terminates the Agreement in accordance with the procedure set forth in Paragraphs Three and Four below, the Tolling Period of this Agreement shall be from the Effective Date until seven (7) calendar days after delivery of such notice of termination. Any extension of this Agreement should specify whether the extended Tolling Period relates to the allegations involving Hulu, LLC (the "Tolled Hulu Claims"), the allegations involving Disney Platform Distribution, Inc., and BAMTech, LLL (the "Tolled Disney/BAMTech Claims"), or both.

2. **Claims and Defenses**. The Parties covenant and agree that no Party may initiate an action related to the Tolled Claims, whether through litigation, arbitration, or otherwise, for the duration of the Tolling Period. The Parties further agree that the Tolling Period shall not be included in calculating any statute of limitations, statute of repose or other time-related defense, whether statutory, contractual or otherwise, and whether at law, in equity, or otherwise (including, but not limited to, the doctrines of waiver, laches, acquiescence or estoppel) that might be applicable to any claims of any type in law or equity that the Tolling Claimants may file against the Tolling Defendants based on, arising out of, or relating to, directly or indirectly, the Tolled Claims. The Parties further agree not to assert that the Tolling Period should be considered for the purpose of applying any such statute of limitation, statute of repose, or other time-related defense that might be applicable to any of the Tolled Claims.

**EXECUTION COPY**

3.  **Termination and Notice of Termination**.  Any signatory to this Agreement may terminate this Agreement by providing written notice in accordance with Paragraph Four below. In the event such notice is given, this Agreement shall terminate seven (7) calendar days after delivery by email of such notice, consistent with Paragraph Four, for that signatory and the related Tolled Claims.  Such date seven (7) calendar days after notice of termination is given shall be referred to as the "Termination Date."  Upon the Termination Date, the terminating Parties shall be restored to their respective positions as of the Effective Date with respect to any statute of limitations, statute of repose or other time-related defense, whether statutory, contractual or otherwise, and whether at law, in equity, or otherwise (including, but not limited to, the doctrines of waiver, laches, acquiescence or estoppel), and those time periods will once again begin to run on the Termination Date.

4.  **Notice Procedure**.  Any termination notice given pursuant to Paragraph Three above shall be addressed to all signatories to this Agreement at the addresses listed below and shall be delivered by email.  The notice should specify whether the termination relates to the allegations involving the Tolled Hulu Claims, the Tolled Disney/BAMTech Claims, or both.

5.  **Agreement Not an Admission**.  This Agreement and all discussions in pursuance thereof shall not be deemed to be an admission by any Party hereto of any matter, including that valid claims or defenses exist, or as to the validity or strength of any claim or defense, and shall not alter the Parties' respective legal or evidentiary burdens with respect to any claim or defense. Nor shall entering into this Agreement be deemed a waiver of any defense or right of the Tolling Defendants except as specifically set forth above with respect to defenses related to time.  This Agreement and all discussions in pursuance thereof shall not be offered or received into evidence in any litigation between the Parties except as is necessary to enforce the terms of this Agreement.

3

**EXECUTION COPY**

      6.    **Agreement Authorized and Binding**.  Each person executing this Agreement represents that he or she has the full power, capacity, and authority to execute this Agreement on behalf of the Party or Parties he or she purports to represent, including claims brought on behalf of minor children, and that they intend the Agreement to be a valid and binding obligation, enforceable in accordance with its terms.  The provisions of this Agreement will be binding on and shall inure to the benefit of the successors and assigns of the Parties.

      7.    **Confidentiality**.  The Parties covenant and agree that the terms of this Agreement shall be treated as highly confidential, and shall be disclosed only (a) to those employees, legal representatives and insurers of the Parties who have a need to know; (b) to a court or arbitral panel in any action that is both between the Parties and that asserts one or more Tolled Claims; (c) pursuant to a court order or subpoena, provided that the disclosing Party provide all other Parties with ten (10) business days' notice prior to such disclosure; (d) pursuant to any effort to obtain judicial enforcement of this Agreement; or (e) by the written consent of the Parties. Notwithstanding the foregoing sentence, this Agreement does not prohibit any of the Parties from disclosing the terms of this Agreement to their registered independent public accounting firms and other persons if required to do so by applicable securities laws or regulations or other applicable law or duty, or by generally accepted accounting principles.

      8.    **No Action to Compromise or Impair.**  Tolling Defendants agree that they shall take no action to settle the Tolled Claims except through direct negotiations with the Tolling Claimants and their counsel.  Tolling Defendants further agree that they shall not knowingly enter into an agreement with any third-party that materially impairs or burdens Tolling Claimants' right to arbitration.

**EXECUTION COPY**

9. **Agreement to Mediate**. The Parties agree to work in good faith to engage a third-party neutral within 14 days of the Execution Date, for the purposes of overseeing good faith discussions between the Parties with respect to the Tolled Claims. After engaging a third-party neutral, mediation sessions shall be set on dates that are mutually convenient for the Parties and the neutral.

10. **Governing Terms and Agreement to Arbitrate**.  The Parties agree that the agreement to mediate or failure to pursue a Tolled Claim during the pendency of this Agreement does not constitute an agreement as to the applicable version of the Hulu Subscriber Agreement ("Hulu's Terms") that might apply to the Tolled Claims.  During the Tolling Period, Tolling Defendants will not enforce or retroactively apply any terms that materially alter, amend, or change Hulu's Terms or impairs the Tolling Claimants' right to arbitrate the Tolled Claims in accordance with Hulu's Terms.  If this Agreement expires or is terminated by any Party in accordance with Paragraphs One or Three above, the Tolling Claimants, through their counsel Labaton Sucharow LLP, shall have 30 days from the Termination Date or expiration of the Tolling Period to in order to opt out of any amended terms placed into effect during the Tolling Period through letter from Tolling Claimants' counsel.  The Tolling Period shall not be included in calculating the opt out period for any amended Terms placed into effect during the pendency of this Agreement.  The Parties further agree that the agreement to mediate or failure to pursue a Tolled Claim during the pendency of this Agreement does not constitute an agreement as to the applicable version of the Disney/BAMTech Subscriber Agreement that might apply to the Tolled Claims. Tolling Defendants will not enforce or retroactively apply any terms that materially alter, amend, or change the or impairs the Tolling Claimants' right to arbitrate the Tolled Claims in accordance with the Disney/BAMTech Subscriber Agreement (updated on September 27, 2022).  If this Agreement

5

**EXECUTION COPY**

expires or is terminated by any Party in accordance with Paragraphs One or Three above, the Tolling Claimants, through their counsel Labaton Sucharow LLP, shall have 30 days from the Termination Date or expiration of the Tolling Period to in order to opt out of any amended terms placed into effect during the Tolling Period through letter from Tolling Claimants' counsel. The Tolling Period shall not be included in calculating the opt out period for any amended Terms placed into effect during the pendency of this Agreement.

11. **Integration Clause**. This Agreement contains the full and complete Agreement between the Parties with respect to the limited subject matter of this Agreement, and no prior oral or written statement concerning that subject matter shall have any force or effect and shall not be used or relied upon to interpret this Agreement. This Agreement shall not be altered except in a writing executed by representatives of the Parties.

12. **Future Claimants**. Counsel for the Tolling Claimants will notify the Tolling Defendants' counsel of further clients represented by it in connection with the Tolled Claims on a rolling basis. Counsel for the Tolling Claimants agree that as a condition of accepting representation of further clients in connection with the Tolled Claims, any further clients will agree to join and become Parties to this Agreement. Counsel for the Tolling Claimants will further identify at the time of notice which Tolling Claimants are Tolling Hulu Claimants, and which are Tolling Disney/BAMTech Claimants. Upon receipt of the written notice by Tolling Defendants' counsel, the Parties shall agree in writing to include the identified claimants as "Tolling Claimants," as that term is defined in this Agreement, without the need to execute a formal amendment or addendum to this Agreement.

13. **Severability**. If any term or other provision of this Agreement is invalid, illegal, or incapable of being enforced by any rule of law or public policy, all other conditions and

**EXECUTION COPY**

provisions of this Agreement shall nevertheless remain in full force and effect. Upon such determination that any term or other provision is invalid, illegal, or incapable of being enforced, the Parties shall negotiate in good faith to modify this Agreement so as to effectuate the original intent of the Parties as closely as possible in an acceptable manner so that the substance of the legal transactions contemplated hereby are fulfilled to the fullest extent possible.

14. **Joint Preparation**. In interpreting this Agreement, the Parties expressly agree that the Agreement was prepared jointly by the Parties, and that no ambiguity shall be resolved against any Party on the basis that it was responsible, or primarily responsible, for having drafted the Agreement. Each of the Parties acknowledges that it entered into this Agreement knowingly, voluntarily, and willingly, did not execute this Agreement under duress, and was represented by competent counsel.

15. **Governing Law**. This Agreement shall be construed and interpreted in accordance with the laws of the State of California, without giving effect to its conflicts of laws doctrine.

16. **Counterparts**. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original but also which together shall constitute one and the same instrument.

*[remainder of page intentionally blank]*

7

**EXECUTION COPY**

## AGREED

On Behalf of **The Tolling Claimants hereto:**

By: _____
Jonathan Waisnor
**LABATON SUCHAROW LLP**
140 Broadway, 34th Floor
New York, NY 10005
jwaisnor@labaton.com
Tel.: 212-907-0623


On Behalf of **The Hulu Tolling Defendant hereto:**

By: _____
Jonathan Blavin
**Munger, Tolles & Olson LLP**
560 Mission Street
San Francisco, CA 94105
jonathan.blavin@mto.com
Tel: 415-515-3554


On Behalf of **The Disney/BAMTech Tolling Defendant hereto:**

By: _____
Allison Holt Ryan
**Hogan Lovells US LLP**
555 13th St. NW
Washington, DC 20004
allison.holt-ryan@hoganlovells.com
Tel: 202-637-5600


Date: March 17, 2023

8