**LABATON KELLER SUCHAROW LLP**
Jonathan Waisnor (CA 345801)
jwaisnor@labaton.com
James Fee (Admitted *Pro Hac Vice*)
jfee@labaton.com
Alexander Schlow (Admitted *Pro Hac Vice*)
aschlow@labaton.com
Stephen Kenny (Admitted *Pro Hac Vice*)
skenny@labaton.com
140 Broadway, Floor 34
New York, NY 10005
Telephone: 212-907-0700
Facsimile: 212-818-0477

Counsel for Petitioners

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATT ALLEN AND 3,552 OTHER INDIVIDUALS,<br><br>Petitioners,<br><br>v.<br><br>BAMTECH, LLC, et al.,<br><br>Respondents. | **CASE NO.: 2:25-CV-03861**<br><br>**OPPOSITION DECLARATION OF JONATHAN WAISNOR IN SUPPORT OF PETITIONERS' MOTION TO COMPEL ARBITRATION AND IN OPPOSITION TO RESPONDENTS' CROSS-PETITION** |

I, JONATHAN D. WAISNOR, declare as follows:

1.      I am an attorney duly admitted to practice in California.  I am an attorney with the firm Labaton Keller Sucharow LLP, counsel for all named Petitioners in the above captioned action.  I respectfully submit this Declaration in further support of Petitioners' Motion to Compel Arbitration (the "Motion") and in opposition to Respondents' Cross-Petition to Compel Arbitration (the "Cross-Petition").   This Declaration is based upon my personal knowledge and if called to testify, I could and would do so competently as to the matters set forth herein.

2.      Throughout their papers in opposition to the Motion and in support of the Cross-Petition, Respondents claim that they "won over 98% of claims litigated" (Cross-Petition at 10) and that "Labaton lost 98% of the bellwether claims litigated." (Blavin Decl. ¶ 10-13)  For clarity and completeness, those results were, in brief:

- In two of the bellwethers, claimants prevailed in their claims against Respondents.  In one of those two bellwethers, the claimant was awarded $2,500 in statutory damages under the VPPA.  In the other, the claimant was awarded $2,500 in statutory damages under the VPPA, $44,477.61 in attorney's fees, and $2,846.40 in costs. This bellwether had not concluded prior to the parties' second mediation.

- In five of the bellwethers, Respondents and the non-respondent Disney affiliates prevailed.

- One bellwether proceeding was withdrawn prior to a final award, as set forth more fully in the subsequent paragraphs.

- In all bellwether proceedings, Respondent, which was primarily represented by the law firm of Hogan Lovells LLP, argued that Claimants could not recover on the merits of their dispute because certain Pixel technologies embedded into ESPN+, the website owned by BAMTech LLC, were operated not by BAMTech LLC, but by other

1

Disney affiliated entities, specifically ESPN, Inc. The arbitrators in the bellwether arbitrations rejected Respondents' arguments.

- The remaining two bellwethers, which also had not concluded prior to the parties' second mediation, were subject to confidential settlements between Disney and the customer claimants.

3. I understand that the Declaration of Jonathan Blavin (ECF No. 34-8, the "Blavin Dec.") submitted by Respondents in connection with the Cross-Petition includes the claim that "Labaton withdrew one of the ten bellwethers after a deposition of the claimant was ordered over Labaton's objection." *Id.*, ¶ 12. This statement misleadingly implies that two unrelated events (the arbitrator permitting a deposition of one of the bellwether claimants and that claimant's withdrawal of their claim) have a causal relationship. No such relationship exists. Rather, the claimant in question became unable to continue litigating their claim due to personal and family events and withdrew the claim with prejudice.

4. Indeed, all of the other bellwether claimants appeared for depositions in the remaining bellwether arbitrations.

5. I further understand that the Blavin Declaration includes a representation that "Respondents paid both their and Labaton's share of the filing fees, as well as all arbitrators' fees, for the bellwether arbitrations." This representation leaves out the fact that Respondents initially *failed* to pay *any* fees for the above-referenced bellwether arbitration that was eventually withdrawn. It also fails to note that this initial failure delayed that bellwether arbitration for months, and that the merits arbitrator for that bellwether held, on the claimant's motion, that this failure to pay fees was a violation of Cal. Code. Civ. P. § 1281.97, subjecting Respondents to sanctions. Indeed, it is entirely possible that, absent this delay created by Respondents' failure to pay their agreed fees, this bellwether claimant's deposition could have been scheduled

and completed before unrelated personal matters demanded their attention elsewhere, and their claim could have reached final adjudication.

6. Across all Disney affiliate entities in the bellwethers, Respondents were represented by two national defense firms and at least ten (10) attorneys. Statutory damages under the VPPA are $2,500 per violation.

7. Attached hereto as **Exhibit A** is a true and correct copy of the NAM schedule of Fees For Disputes When one Of The Parties Is A Consumer, available on NAM's website, retrieved on September 11, 2025. The fees for "Mass Filings" are listed on pages 2-4 thereof.

8. Attached hereto as **Exhibit B** is a true and correct copy of the ADR Services Mass Consumer Non-Employment Arbitration Fee Schedule, available on ADR Services' website, retrieved on September 12, 2025.

9. Attached hereto as **Exhibit C** is a true and correct copy of the National Arbitration and Mediation Mass Filing Supplemental Dispute Resolution Rules and Procedures, updated as of October 1, 2024.

10. Attached hereto as **Exhibit D** is a true and correct copy of the Statement of Undisputed Material Facts In Support Of ESPN Inc.'s Renewed Motion To Compel Arbitration And Stay This Action filed by Respondent ESPN Inc. in *Swartz v. ESPN, Inc.*, M.D.Pa. Case No. 1:22-cv-01523-KM, at ECF No. 45. Hogan Lovells LLP is counsel to Disney in the *Swartz* case.

11. I understand that Respondents claim that there is no evidence that certain Petitioners had their claims filed before JAMS. At my direction, staff in my office prepared the list attached hereto as **Exhibit E,** which includes those Petitioners who were part of the cohort of 2,913 individuals on whose behalf this firm sought to commence arbitrations before JAMS following the second mediation.

12. A copy of the email transmitting the demands to JAMS along with a spreadsheet listing the full 2,913 individuals is attached as **Exhibit F**.

DECLARATION OF JONATHAN WAISNOR
Case No. 2:25-cv-03861

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 19, 2025 at New York, NY.


*s/Jonathan Waisnor*
Jonathan Waisnor